JUDGE ROBINSON

08 CV 6365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IGUITAR, INC., a Delaware corporation,            :     Civil Action No.:
                                                   :
                    Plaintiff,                     :
                                                   :
        v.                                         :     **COMPLAINT**
                                                   :
KANSAS INTERNATIONAL LTD., a                      :
Hong Kong Corporation,                             :
                                                   :
                    Defendant.                     :
                                                   :
------------------------------------------------------------x

Plaintiff IGUITAR, Inc. ("IGI") by their attorneys, Bienstock & Michael, P.C., as and for their Complaint against Defendant Kansas International Ltd. ("Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under New York state law.

2. This Court has original jurisdiction over IGI's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 with respect to IGI's claims arising under the laws of the State of New York.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendant is an alien corporation and IGI has its main office in New York State.

4. The court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302 because Defendant has established certain minimum contacts with New York such that the

exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has and continues to conduct business in the State of New York and within the Southern District of New York.

## THE PARTIES

5. IGI is a corporation organized and existing under the laws of Delaware, having its principal place of business at 290 Main Street, Bldg. 3, Cold Spring, New York 10516. IGI (F/K/A Brian Moore Guitars, Inc.) is engaged, *inter alia*, in the business of manufacturing, distributing, and selling guitars and bass guitars.

6. Upon information and belief, Defendant is a Hong Kong Corporation, having an official address of L1 Unit 2, Mirror Tower, 61 Mody Road, TST, Kowloon, Hong Kong.

## IGI'S INTELLECTUAL PROPERTY

7. IGI is an industry leading manufacturer, distributor and seller of guitars and bass guitars that are specifically designed to directly interface via MIDI (Musical Instrument Digital Interface) under, *inter alia*, the federally registered and incontestable "IGUITAR (stylized)" trademark (Reg. No.: 2,319,117) (hereinafter, "IGUITAR ®") in Class 15. IGI also manufactures, distributes and sells traditional guitars and bass guitars without MIDI capability, under different trademarks.

8. IGI's IGUITAR ® guitars and bass guitars utilize a combination of magnetic and piezo pickups to transmit the vibration of the strings.

9. Unlike conventional guitars and bass guitars, IGI's IGUITAR ® guitars and bass guitars employ a 13-pin polydrive system to facilitate digital MIDI connectivity with a variety of synthesizers and MIDI capable devices. Thus, IGI's IGUITAR ® guitars and bass guitars are designed to function as MIDI controllers, which can be used to perform music in real time and transmit a MIDI data stream of the performance.

10. IGI's IGUITAR ® guitars and bass guitars also possess a traditional ¼ inch output signal jack which can be independently connected to: (i) a traditional magnetic amplifier for electric tonality; or (ii) a piezo acoustic amplifier for acoustic guitar tonality.

11. The foregoing signal output options can be used independently or simultaneously, allowing for limitless sound combinations.

12. IGI began selling its IGUITAR ® guitars and bass guitars in the United States in approximately August, 1998. IGUITAR ® was registered on February 15, 2000, for stringed musical instruments, namely acoustic and electric guitars and acoustic and electric basses.

13. Pursuant to Sections 15 and 33 of the Lanham Act, 15 U.S.C. §§ 1065 and 1115, said registration constitutes prima facie evidence of (i) the validity of IGUITAR ®, (ii) IGI's ownership of IGUITAR ®, and (iii) IGI's exclusive right to use IGUITAR ®.

14. Over the course of the past decade, IGI has continuously sold IGUITAR ® guitars and bass guitars throughout the United States, including within the State of New York, at a variety of retail locations and through direct sales to consumers. IGI has invested substantial time, effort and money to create a strong market and consumer recognition of IGUITAR ® guitars and bass guitars. IGI has widely promoted and advertised its IGUITAR ® guitars and bass guitars via a variety of consumer and trade publications, online marketing at IGI's website, www.iguitar.com, and as an exhibiter at industry trade shows (*i.e.*, the NAMM Show).

15. IGI's IGUITAR ® guitars and bass guitars are industry-renowned for their excellence and unique features.

16. As a result of the foregoing continuous usage of IGUITAR ® in United States commerce, IGI has also acquired common-law rights to the term "IGUITAR" in a non-stylized format (the "IGUITAR TM") (hereinafter, IGUITAR ® and IGUITAR TM are collectively referred to as the "IGUITAR Trademarks").

17.    IGI's IGUITAR Trademarks enjoy an extremely high degree of consumer recognition.

## DEFENDANT'S UNLAWFUL CONDUCT

18.    Upon information and belief, Defendant is a foreign manufacturer of musical instruments, including guitars, under the brand "Burswood," which it exports worldwide.

19.    Upon information and belief, on December 12, 2006, Defendant's subsidiary company, Legendary Sound International, Ltd., a British Virgin Island corporation (hereinafter, "Legendary Sound"), filed an application with the United States Patent and Trademark Office (the "USPTO") for registration of the mark "I-GUITAR@BURSWOOD" on the Principal Register, pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).

20.    According to USPTO records, on February 15, 2007, an office action was issued by the trademark examiner refusing Defendant's trademark application, citing IGUITAR ® as a blocking mark, due to a likelihood of consumer confusion.

21.    On September 14, 2007, the USPTO issued a Notice of Abandonment, indicating that Legendary Sound had failed to timely respond to the office action.

22.    Despite the foregoing office action, specifically notifying Defendant of IGI's ownership of IGUITAR ®, upon information and belief, in approximately 2007, Defendant willfully and knowingly, manufactured, shipped and sold guitars in the United States under the mark "I-GUITAR@BURSWOOD (stylized)" (hereinafter, the "Defendant's Infringing Mark").

23.    In approximately May, 2008, IGI became aware of Defendant's manufacture, distribution and sale of at least two guitar models, the JE-3SD and 42-239, which prominently display Defendant's Infringing Mark on the product packaging (hereinafter, the "Defendant's Infringing Goods.")

24. Defendant's Infringing Goods possess an internal SD (Secure Digital) recording device for recording and playback.

25. Upon information and belief, Defendant's Infringing Goods were offered for sale across the United States at large chain retail locations, including, without limitation, RadioShack Corporation (RadioShack Stores) and Target Corporation (Target Stores).

26. On May 28, 2008, IGI's counsel sent a "cease and desist letter" to Defendant, notifying Defendant of IGI's superior rights to the mark "IGUITAR," and asserting that Defendant's Infringing Mark constituted infringement of IGI's well-established trademark rights.

27. On June 4, 2008, Defendant's counsel, Aylin Demirci, Esq., responded indicating that her firm, Intellectual Property Law Group, LLC., represented the Defendant in this matter, and requested additional time to respond to IGI's allegations.

28. On June 9, 2008, IGI's counsel sent correspondence to Defendant's counsel, reiterating the foregoing demand and requesting disclosure of the number units of Defendant's Infringing Goods shipped and sold in the United States.

29. On June 13, 2008, Defendant's counsel responded alleging that Defendant had stopped exporting Defendant's Infringing Goods at the end of December, 2007 and denying IGI's allegations.

30. Despite additional correspondence between the parties dated June 16 and June 23, Defendant continued to refuse to disclose the number of units of Defendant's Infringing Goods shipped and sold in the United States, and failed to sufficiently assure IGI that it had permanently ceased its usage of Defendant's Infringing Mark and sale of Defendant's Infringing Goods.

31. On June 24, 2008, IGI's counsel sent correspondence to Defendant's counsel advising, inter alia, that if Defendant did not disclose (i) the number of units shipped bearing

Defendant's Infringing Mark; (ii) the dates on which Defendant started and stopped shipment of Defendant's Infringing Goods; and (iii) proof of actual cessation of shipment, IGI would proceed to file an action against Defendant (for trademark infringement and unfair competition).

32. As a result of Defendant's failure to fully comply with IGI's demands, IGI has brought this action seeking the following relief:

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

33. IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 32, above.

34. Defendant's infringing activities are likely to cause and have caused confusion, mistake and deception among the general consuming public and trade as to the origin and quality of Defendant's Infringing Goods.

35. Said likelihood of consumer confusion is increased by the fact that IGI's IGUITAR ® guitars and bass guitars and Defendant's Infringing Goods both possess electronic devices which can be used to digitally record sound.

36. Defendant's unlawful actions constitute infringement of IGI's IGUITAR ® trademark in violation of IGI's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant has been and is infringing IGI's IGUITAR ® trademark with full knowledge and willful disregard for IGI's exclusive rights and knowing that the IGUITAR® Mark is associated exclusively with IGI.

38. Defendant's conduct is intentional, willful, wanton and malicious, and is undertaken with intent to reap the benefit of IGI's trade identity and goodwill and to give Defendant's Infringing Goods a market acceptance and salability that they otherwise would not enjoy.

39. IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

40. Defendant's unlawful actions have caused IGI irreparable harm for which IGI is entitled to permanent injunctive relief under 15 U.S.C. § 1116.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN
### AND UNFAIR COMPETITION (15 U.S.C. § 1125(A))

41. IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 40, above.

42. Defendant has affixed, applied, or used in connection with the sale of Defendant's Infringing Goods, false descriptions and representations, which tend falsely to describe or represent that the goods offered by Defendant are sponsored by, authorized by or connected with IGI.

43. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional uses, appropriations and infringements of IGI's IGUITAR Trademarks; completely and deliberately disregarding IGI's rights and were commenced and have continued in spite of Defendant's knowledge that the use of Defendant's Infringing Mark was and is in direct contravention of IGI's rights, all in violation of 15 U.S.C. § 1125(a).

44. IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

### THIRD CLAIM FOR RELIEF
### COMMON-LAW TRADEMARK INFRINGEMENT

45. IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 44, above.

46. As a result of the confusing similarity of Defendant's Infringing Mark and Defendant's wrongful conduct described above, the manufacture, advertising, distribution and sale of Defendant's Infringing Goods constitutes infringement of IGI's exclusive common-law rights in that such use is likely to cause and has caused confusion, deception and mistake in the minds of the public with respect to the origin, source and affiliation of Defendant's infringing goods.

47. Defendant's Infringing Mark is confusingly similar to IGI's IGUITAR Trademarks and has been and continues to violate and infringe IGI's common-law trademark rights. Defendant's unlawful actions constitute common-law trademark infringement under New York law.

48. IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

49. Defendant's unlawful actions have caused IGI irreparable harm for which IGI is entitled to permanent injunctive relief.

## FOURTH CLAIM FOR RELIEF
## COMMON-LAW UNFAIR COMPETITION

50. IGI hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 49, above.

51. Defendant's foregoing wrongful conduct constitutes unfair competition under the common-law of the State of New York.

52. IGI has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined, but believed to be in excess of $1,000,000.

WHEREFORE, Plaintiff, IGUITAR Inc., seeks judgment against Defendant, Kansas International Ltd., as follows:

A. That Defendant, its officers, agents, servants, employees and attorneys, and those in active concert or participation with Defendant, be permanently enjoined and restrained from:

1) Using in any manner Defendant's Infringing Mark;

2) Manufacturing, marketing, advertising, distributing or selling musical instruments bearing Defendant's Infringing Mark, including, without limitation, Defendant's Infringing Goods;

3) Representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, or any of its goods, are authorized or sponsored by IGI;

4) Passing off, inducing or enabling others to sell or pass off any goods as products produced by IGI; and

5) Otherwise competing unfairly with IGI in any manner.

B. That Defendant be ordered to deliver up to IGI for destruction, any and all goods in its possession, or under its control, that infringe of IGI's IGUITAR Trademarks.

C. That IGI be awarded actual damages in an amount to be determined at trial for infringement of IGI's IGUITAR Trademarks as provided by law.

D. That Defendant account for and pay over to IGI profits realized by Defendant by reason of Defendant's unlawful actions herein alleged and that the amount of disgorgement for infringement of IGI's registered and incontestable trademark be increased by a sum not exceeding three times the amount thereof as provided by law and that the Court impose whatever final equitable relief is necessary to achieve the foregoing, including, without limitation, the imposition of a constructive trust.

E. That Defendant be awarded reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

F. Such other and further relief as is just and proper.

G. A trial by jury as to all appropriate issues.

Dated: Hackensack, New Jersey
July 15, 2008

BIENSTOCK & MICHAEL, P.C.

By: _____
Ronald S. Bienstock, Esq. [RB-6059]
Continental Plaza
411 Hackensack Avenue, 7th Floor
Hackensack, New Jersey 07601
(201) 525-0300
(201) 525-0133 Fax

or

New York Office
250 West 57th Street, Suite 808
New York, NY 10107
(212) 247-0848
(212) 247-0910 Fax

Please respond to the New Jersey Office

*Attorney for Plaintiff, IGUITAR, Inc.*